COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


TRAVIS MAY, S/K/A
 TRAVIS H. MAY

                                        MEMORANDUM OPINION[*] BY
v.   Record No.  0694-95-1              JUDGE WILLIAM H. HODGES
                                             MAY 7, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Alfred W. Whitehurst, Judge

              Charles E. Jenkins, II, for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Travis H. May appeals his convictions for robbery and use of

a firearm in the commission of a felony.  He contends that his

statements to the police were involuntary, and that the trial

court erred in denying his motions to suppress evidence of the

statements.  We disagree, and affirm the convictions.

     On appeal, we must determine whether, in light of the

totality of the circumstances, the trial court was plainly wrong

in concluding that May's statements to Virginia Beach and Norfolk

detectives were essentially a free and unconstrained choice on

his part or if his will was overborne.  See Rodgers v.

Commonwealth, 227 Va. 605, 318 S.E.2d 298 (1984).  We must make

an independent evaluation of the evidence to determine whether

_____

     [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

the statements were voluntary.  Id.  In doing so, we may rely on the observations of the trial judge and his findings of fact, except as to the ultimate issue of voluntariness.  See Goodwin v. Commonwealth, 3 Va. App. 249, 349 S.E.2d 161 (1986).

In his statements to the police, May implicated himself in crimes that occurred in Virginia Beach and Norfolk.  May raised the identical issues which he now raises in his challenge to convictions arising from the Circuit Court of the City of Virginia Beach.  We denied the petition for appeal in that case.  See May v. Commonwealth, Record No. 0841-95-1 (Va. Ct. App. Aug. 17, 1995).  For the reasons stated in that order, we now affirm the Norfolk convictions.

Although May was only seventeen years old, he had previously been in trouble with the law and understood the ramifications of speaking without a lawyer being present.  He understood that he was entitled to have a lawyer and, in fact, initially stated that he wished to have counsel present.  The trial judge found that May changed his mind and initiated a second interview with the police.  Edwards v. Arizona, 451 U.S. 477 (1981), does not prohibit use of May's confession because credible evidence supports the trial judge's finding that May initiated the second discussion.  See Oregon v. Bradshaw, 462 U.S. 1039 (1983).

The police read Miranda rights to May a second time before he confessed to the Virginia Beach crimes.  Thereafter, Norfolk Detective Jackson arrived at Virginia Beach police headquarters

and again read Miranda rights to May. May indicated verbally and in writing that he understood his rights, that he waived these rights and desired to make a statement, and that the statement was freely and voluntarily made without threat or promise from anyone.

Viewing the entire record, and based on the totality of the circumstances, we find that the Commonwealth offered sufficient evidence to support the trial court's determination that May voluntarily, freely, and knowingly waived his Miranda rights. The statements were essentially a free and unconstrained choice on May's part and his will was not overborne. Accordingly, the trial court's ruling did not constitute reversible error.

<u>Affirmed.</u>